UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREY G.,<br><br>           Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>           Defendant. | Case No. 8:19-cv-01540-KES<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**PROCEDURAL BACKGROUND**

In May 2015, Plaintiff Karey G. ("Plaintiff") applied for Title XVI social security disability benefits. Administrative Record ("AR") 1165. On February 28, 2018, the Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, testified along with a vocational expert ("VE"). AR 283-305. On July 18, 2018, the ALJ issued an unfavorable decision. AR 224-44.

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical and lumbar spine, joint hypermobility, psoriatic arthritis, and irritable bowel syndrome." AR 228. Despite these

impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> [Plaintiff] is able to lift, carry, push, pull up to 20 pounds occasionally and 10 pounds frequently.  She can stand a maximum of two hours with normal breaks.  She can occasionally climb stairs and ramps but never ladders or scaffolds.  She can occasionally balance, stoop, kneel, crouch and crawl.  She must avoid exposure to unprotected heights and workplace hazards.  She must not operate a motor vehicle commercially.  There must be no more than occasional exposure to extreme temperatures and heavy vibrations. Additionally, the claimant is limited to a work environment with no high production quotas and not in a fast-paced work environment. She must also be within a close proximity to a restroom.  Primarily, no outdoor work.  Lastly, the claimant is limited [to] frequent handling and fingering and occasional overhead reaching bilaterally.

AR 233, citing 20 C.F.R. § 416.967(b) (defining light work).

Based on this RFC and the VE's testimony, the ALJ found that Plaintiff could do three sedentary jobs: (1) charge-account clerk (Dictionary of Occupational Titles ["DOT"] 205.367-014); (2) touch-up screener (DOT 726.684-110); and (3) table worker (DOT 739.687-182) (the "Alternative Jobs").  AR 238. Per the DOT, working as a charge account clerk involves assisting customers applying for charge accounts.  A touch-up screener is an assembly job that involves inspecting printed circuit boards for defects and performing minor repairs, cleaning, and record-keeping.  The job duties of a table worker include "examin[ing] squares (tiles) of felt-based linoleum material passing along on conveyor and replac[ing] missing and substandard tiles." (DOT 739.687-182.)

Because each of the Alternative Jobs exists in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled.  AR 238.

2

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether substantial evidence[1] supports that ALJ's RFC determination. (Dkt. 24, Joint Stipulation ["JS"] at 4.)

Specifically, Plaintiff contends that the ALJ erred by failing to include in the RFC a limitation on sitting, i.e., no more than 6 hours/day, per two medical opinions to which the ALJ gave "great weight." (JS at 5, 7.) In response to a hypothetical question incorporating an RFC with no limitation on sitting, the VE opined that Plaintiff could do the Alternative Jobs, all classified as sedentary. (JS at 7.) While sedentary work generally requires 6 hours of sitting per day, it can require up to 8 hours of sitting per day. See Social Security Ruling ("SSR") 83-10 (for sedentary work, walking and standing are required occasionally and sitting should "generally total approximately six hours of an eight-hour workday"); Vertigan v. Halter, 260 F.3d 1044, 1052 (9th Cir. 2001) ("In a work environment requiring sedentary work, the Social Security Rules require necessary sitting as the ability to do such for six to eight hours a day." (citing SSR 83-10)). Plaintiff argues that if the Alternative Jobs require *more* than 6 hours of sitting per day, then their physical demands exceed her physical abilities. (JS at 8-9.)

## III.
## DISCUSSION

A. **Relevant Administrative Proceedings.**

In weighing the evidence, the ALJ gave great weight to the opinion of state agency physicians Drs. B. Vaghaiwalla and Scott Spoor. AR 237. Both opined that Plaintiff should be limited to "about six hours" of sitting per day. AR 1175,

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

1191.  The ALJ gave "some" weight to the opinions of consultative examiner Dr. Ustaris, which included the opinion that Plaintiff had "no restrictions" on sitting. AR 234, citing 1417.  The ALJ reasoned that Dr. Ustaris had overstated Plaintiff's exertional abilities, because he had not reviewed her most recent medical records. Id.  Finally, the ALJ gave "some" weight to the opinions of treating physician Dr. John Chen, including his opinion that Plaintiff could only sit, stand, or walk for 2 hours/day.  AR 236, citing AR 1444.  The ALJ determined that Dr. Chen's opinions were "too restrictive and relied heavily" on Plaintiff's subjective complaints.  Id.  The ALJ discounted Plaintiff's subjective symptom testimony, including testimony that she could only sit for 45 minutes/day.  AR 233, 236.  The ALJ cited Plaintiff's ability to work part-time and attend a vocational training program for massage therapists.  AR 236.

When formulating Plaintiff's RFC, the ALJ found that Plaintiff could do light work, which generally requires up to 6 hours of standing/walking and about 2 hours of sitting.  AR 233; SSR 83-10.  The ALJ, however, added a limitation on standing more consistent with sedentary work: "[s]he can stand a maximum of two hours with normal breaks."  AR 233.  The RFC does not specify the maximum number of hours per day Plaintiff could sit.  Id.  Per the regulations, if someone can do light work, then they can also do sedentary work "unless there are additional limiting factors such as … inability to sit for long periods of time."  20 C.F.R. § 416.967(b).

The ALJ asked the VE what work was available for a hypothetical person who could "stand a maximum of 2 hours with normal breaks" and had the other limitations in Plaintiff's RFC.  AR 301.  The VE identified the Alternative Jobs. AR 302.

### B. Analysis of the Parties' Arguments.

Plaintiff argues that the ALJ's RFC determination that Plaintiff's ability to sit is unlimited is not supported by substantial evidence.  If the ALJ rejected the

opinions of Drs. Vaghaiwalla and Spoor about Plaintiff's sitting abilities (i.e., limited to 6 hours/day) in favor of Dr. Ustaris's opinion (i.e., unlimited), then the ALJ needed to explain why.

Defendant argues that any error is harmless, because even assuming that Plaintiff was limited to sitting 6 hours/day, that limitation is consistent with the demands of the Alternative Jobs. (JS at 14.) Defendant argues that since sedentary jobs "generally" require 6 hours/day of sitting, it is fair to assume that the Alternative Jobs, all classified as sedentary, do not require more than 6 hours of sitting per day.

Plaintiff has the better argument here. Sedentary work can require 7 or 8 hours of sitting per day. Vertigan, 260 F.3d at 1052. Since the ALJ never asked the VE to consider a hypothetical person limited to sitting for 6 hours/day, there is no evidence that the Alternative Jobs' sitting requirements do not exceed 6 hours/day. They might. The Court, therefore, cannot conclude that the ALJ's failure to include a sitting limitation in the RFC and the hypothetical posed to the VE was harmless error.[2] See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (defining harmless error as error "inconsequential to the ultimate nondisability determination").

## IV.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered REVERSING the decision of the Commissioner and REMANDING the

---

[2] Defendant argues that the Court previously reached the opposite conclusion. (See JS at 13.) In that case, Jean v. Saul, No. 8:19-cv-00521-KES, 2020 WL 584735 at *5-6 (C.D. Cal. Feb. 6, 2020), the VE concluded that persons limited to sitting for six hours a day could do receptionist work as typically performed, which was consistent with the DOT. Here, the VE was never presented with a sitting limitation as applied to the Alternative Jobs.

case for consideration of (1) whether Plaintiff's RFC should include a limitation on sitting (and if not, why not); and (2) how, if at all, that sitting limitation affects Plaintiff's ability to perform the Alternative Jobs.

DATED: July 21, 2020

_____
KAREN E. SCOTT
United States Magistrate Judge